# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY PELTIER-OCHOA,<br><br>            Plaintiff,<br><br>    vs.<br><br>KENNETH J. MIELE, et al.,<br><br>            Defendants. | Case No. EDCV 12-0663-JAK (RNB)<br><br>ORDER TO SHOW CAUSE |

      Plaintiff filed this pro se civil rights action on May 1, 2012, after paying in full the filing fee. Four defendants were named on the cover page of the Complaint: Kenneth J. Miele, Commissioner Paulette Durand-Barkley, the City of Riverside, and Sunlan-020105, LLC. Per a Minute Order issued on May 4, 2012, plaintiff was advised that, under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be accomplished on each named defendant within 120 days after the filing of the complaint; and that the 120-day period would expire on July 30, 2012. Further, plaintiff was forewarned that her failure to effectuate proper service by that date might result in the dismissal of the action without prejudice as to any unserved defendant(s) by reason of plaintiff's failure to prosecute, unless plaintiff could show good cause for extending the time for service.

//

On May 8, 2012, the Court advised plaintiff that the three proofs of service she had filed on May 2, 2012 did not evidence proper compliance with Cal. Civ. Proc. Code § 415.30, which set forth the California procedure for service by mail.

To date, no other proofs of service have been filed by plaintiff and the only named defendant who has entered an appearance in this action is Commissioner Durand-Barkley. It therefore appears to the Court that none of the other three named defendants has been served. Accordingly, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41-1,

IT IS ORDERED that, on or before September 24, 2012, plaintiff shall show good cause, if there be any, why service of process was not effectuated on defendants Miele, the City of Riverside, and Sunlan-020105 within the 120-day period and why this action should not be dismissed without prejudice as to those defendants for lack of prosecution. Plaintiff shall attempt to show such cause by filing a declaration, signed by plaintiff under penalty of perjury. **For any of these other three defendants as to whom plaintiff does not timely file such a declaration or fails to show good cause for her failure to timely serve, the Court intends to recommend that the action be dismissed without prejudice for lack of prosecution.** See Fed. R. Civ. P. 4(m); Local Rule 41-1; Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

DATED: August 27, 2012

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE